UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

-------------------------------------------------------------- x
OMETRIUS PEREZ,                          :

                                            :

                     Plaintiff,   :      **RULING ON MOTIONS FOR**

                                    :      **PRELIMINARY INJUNCTIVE**

       -against-                  :            **RELIEF**

                                    :

ANGEL QUIROS, *et al.*,          :        3:24-cv-651 (VDO)

                 Defendants.  :
-------------------------------------------------------------- x

**VERNON D. OLIVER**, United States District Judge:

Plaintiff Ometrius Perez, a sentenced inmate incarcerated at MacDougall-Walker Correctional Institution in Suffield, Connecticut, filed this case *pro se* pursuant to 42 U.S.C. § 1983 against ten Defendants, Commissioner Angel Quiros, the Department of Correction, Correctional Health Services Program Director Colleen Gallager, Warden Amonda Hannah, Counselor Supervisor and ADA Coordinator Michael Calderon, Warden Kristane Barone, ADA Coordinator Jane Walsh, Deputy Warden Damian Doran, Warden John Dougherty, and ADA Coordinator Jane Vareen. Plaintiff asserts two claims for violation of his rights under the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq., based on Defendants' failure to provide accommodations for his visual impairment. Plaintiff's complaint alleges that Defendants denied him reasonable accommodations and auxiliary aids for in-cell use as well as use in programs and services throughout the facility. Specifically, he argues that Defendants have not provided him a scanner/printer, CCTV monitor, and telescope eyeglasses; have refused to remove passwords preventing access to a CD-ROM drive or install a three-prong outlet near the desk; and assigned him a cell far from the handicap shower. In the second claim, Plaintiff elaborates on the effect of the denials and also alleges that he has been assigned

cellmates who monopolize the one desk and chair in the cell preventing Plaintiff from using his computer at the desk. *Id.* Following initial review, the Court allowed Plaintiff to proceed on his ADA claims for damages as well as declaratory and injunctive relief against all Defendants for their failure to provide the accommodations.

Plaintiff has filed two motions seeking preliminary injunctive relief. The motions repeat the allegations included in the complaint and seek essentially the same relief as requested in the complaint—namely, that Defendants be ordered to provide him with all medically prescribed auxiliary aids and adaptive equipment for unobstructed and permanent use in his cell and throughout the facility as needed. He also seeks an order directing Defendants to permanently place him on a single-cell status. For the following reasons, the motions are denied.

## I.    **LEGAL STANDARD**

Interim injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Grand River Enter. Six Nations, Ltd. v. Pryor*, 481 F.3d 60, 66 (2d Cir. 2007) (citation omitted). To prevail on his claim for mandatory relief, Plaintiff must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Glossip v. Gross*, 576 U.S. 863, 876 (2015) (internal quotation marks and citation omitted); *see also A.H. by and through Hester v. French*, 985 F.3d 165, 176 (2d Cir. 2021) (to obtain mandatory preliminary injunctive relief against a government actor, plaintiff must, inter alia, "make a 'strong showing' of irreparable harm" absent injunctive relief and "demonstrate a 'clear or substantial likelihood of success on the merits'"). The Second Circuit considers a showing of

irreparable harm the most important requirement for an award of preliminary injunctive relief.

*See Faiveley Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009).

"[T]he court's task when granting a preliminary injunction is generally to restore, and preserve, the status quo ante, *i.e.*, the situation that existed between the parties immediately prior to the events that precipitated the dispute." *Asa v. Pictometry Intern. Corp.*, 757 F. Supp. 2d 238, 243 (W.D.N.Y. 2010); *see also Transamerica Rental Fin. Corp. v. Rental Experts*, 790 F. Supp. 378, 381 (D. Conn. 1992) ("It is well established in this Circuit that the purpose of a preliminary injunction is to preserve the *status quo* between two parties.").

"Because mandatory injunctions disrupt the status quo, a party seeking one must meet a heightened legal standard by showing 'a clear or substantial likelihood of success on the merits.'" *North Am. Soccer League, LLC v. United States Soccer Fed'n, Inc.*, 883 F.3d 32, 37 (2d Cir. 2018) (quoting *N.Y. Civil Liberties Union v. N.Y.C. Transit Auth.*, 684 F.3d 286, 294 (2d Cir. 2012)). A mandatory preliminary injunction "should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from the denial of preliminary relief." *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 406 (2d Cir. 2011) (quoting *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 n.4 (2d Cir. 2010)) (internal quotation marks omitted); *see also Tom Doherty Assocs., Inc. v. Saban Ent., Inc.*, 60 F.3d 27, 33-34 (2d Cir. 1995) (plaintiff seeking mandatory injunction must make "clear" or "substantial" showing of likelihood of success on the merits of his claim).

"The district court has wide discretion in determining whether to grant preliminary injunctive relief." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 511 (2d Cir. 2005). "In the prison context, a request for injunctive relief must always be viewed with great caution

so as not to immerse the federal judiciary in the management of state prisons." *Fisher v. Goord*, 981 F. Supp. 140, 167 (W.D.N.Y. 1997) (citing *Farmer v. Brennan*, 511 U.S. 825, 846-47 (1994)) (other citations omitted). The Supreme Court has repeatedly stated that "plaintiffs seeking preliminary relief [must] demonstrate that irreparable injury is likely in the absence of an injunction." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (citations omitted). "Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded on a clear showing that the plaintiff is entitled to such relief. *Id.* (citation omitted).

In addition, allegations of irreparable harm or claims of a likelihood of success on the merits must be substantiated with admissible evidence. *Torrez v. Semple*, No. 17-CV-1223(SRU), 2017 WL 6624009, at *1 (D. Conn. Dec. 28, 2017); *see also Cox v. Morley*, No. 20-CV-1235(GLS/CFH), 2020 WL 6781522, at *10 n.13 (N.D.N.Y. Nov. 18, 2020) ("any renewed request for injunctive relief must be supported by evidence, as opposed to mere allegations, showing that the alleged irreparable harm is imminent"); *Hancock v. Essential Res., Inc.*, 792 F. Supp. 924, 928 (S.D.N.Y. 1992) ("Preliminary injunctive relief cannot rest on mere hypotheticals.").

Further, as one of the requirements for an award of preliminary injunctive relief is demonstration of a likelihood of success on the merits of his claims, Plaintiff's requests for preliminary injunctive relief must relate to the claims in the operative complaint. *See, e.g.*, *DeBeers Consol. Mines, Ltd. v. United States*, 325 U.S. 212, 220 (1945) (preliminary injunction inappropriate where the injunction "deals with a matter lying wholly outside of the issues in the suit"); *McMillian v. Konecny*, No. 15-CV-0241(GTS/DJS), 2018 WL 813515, at

4

*2 (N.D.N.Y. Feb. 9, 2018) (relief sought in motion for temporary restraining order or preliminary injunction must relate to claims in complaint); *Torres v. UConn Health*, No. 17-CV-325(SRU), 2017 WL 3713521, at *2 (D. Conn. Aug. 29, 2017) (preliminary injunctive relief not warranted because claim in motion was unrelated to underlying claims in complaint).

## II.    DISCUSSION

Pending are two motions for preliminary injunctive relief. Plaintiff titles his first motion as seeking a preliminary injunction and his second motion as seeking a temporary restraining order. Despite these two titles, he seeks only preliminary injunctive relief. "In the Second Circuit, the standard for issuance of a temporary restraining order is the same as the standard for a preliminary injunction." *Antonyuk v. Hochul*, 635 F. Supp. 3d 111, 124-25 (N.D.N.Y. 2022) (citing cases). Thus, both requests are governed by the same standard. *See Jones v. Bank of N.Y. Mellon Tr. Co.*, No. 23-CV-2104(LTS), 2023 WL 3626267, at *1 (S.D.N.Y. May 24, 2023) (considering motion for protective order as seeking preliminary injunctive relief).

Plaintiff's claims for injunctive relief are based on the same allegations set forth in his complaint. These factual allegations concern a period that ends in August 2023, about one year before he filed his motions for preliminary injunctive relief. Plaintiff does not include specific factual allegations or evidence describing accommodation efforts since August 2023. Furthermore, Plaintiff offers no evidence other than a verification of the factual allegations contained in the complaint and his declaration in support of his request for injunctive relief (Doc. No. 19-1), neither of which describes his current conditions or the current accommodations available to him.

In opposition to the motion, Defendants have submitted the declaration of Jessica Bennett, Plaintiff's current correctional counselor, which is dated January 21, 2025. Doc. No.

38-1. Counselor Bennett is not a defendant in this action. Counselor Bennett has been employed by the Department of Correction since 2010, and since August 2023 she has worked in L-Pod in the MacDougall building, where Plaintiff currently resides. *Id.* ¶ 2. Counselor Bennet avers that Plaintiff's visual limitations are accommodated as follows: (1) Plaintiff has, in his possession in his cell, a large magnifying glass; (2) Plaintiff wears thick prescription eyeglasses; and (3) Plaintiff has been allowed to keep a laptop, which has a functioning monitor, in his cell for his personal use.[1] *Id.* ¶¶ 4-6. Counselor Bennett attests that Plaintiff "is able to move about the facility without the assistance of others" and "has a long cane used by persons with visual impairments to assist with his movement around the facility." *Id.* ¶ 7.

In his complaint and motions for preliminary injunctive relief, Plaintiff largely focuses on his inability to have a printer in his cell. Counselor Bennett states that Plaintiff owns a printer but is not allowed to keep it in his cell. *Id.* ¶ 8. She attests that Plaintiff's printer is stored in her office on the housing unit. *Id.* ¶ 9. Counselor Bennett states that, although the printer is not available to Plaintiff on the weekends, he can normally access the printer the same day or within 24 hours of making a request on weekdays. *Id.* Counselor Bennett explains that "no inmate has his own printer, much less a printer in his cell," and "[t]he possession of such a device in an inmate's cell presents significant safety and security concerns in a prison setting, such as use of its components to fashion weapons or storage of contraband within the printer." *Id.* ¶ 8. Considering and crediting at this point the representation that allowing prisoners to have personal printers in their cells poses an institutional safety and security threat,

---

[1] On April 1, 2019, Plaintiff entered a settlement agreement in *Perez v. Arnone*, No. 3:12- CV-1591(VLB), permitting Plaintiff to possess and use his laptop computer in his cell on a permanent basis. Doc. No. 1 ¶ 14.

the Court concludes that Plaintiff has not demonstrated a likelihood of success on the merits to warrant an award of preliminary injunctive relief.

Plaintiff also fails to show that he is entitled to the relief requested or that extreme or very serious damage will result from the denial of preliminary relief. Indeed, Counselor Bennett states that Plaintiff "is able to make full use of the printer without any assistance," stating that when Plaintiff comes into her office to use his printer, he does so "without assistance, lifts the printer off of [her] cabinet, carries it to the room next door, plugs it in, connects his laptop and then returns the printer to the same shelf when he is done." *Id.* ¶ 10. Counselor Bennett also avers that she is "not aware of any limitations on the plaintiff that would prevent him from reading or writing with the use of the devices" provided to him. *Id.* ¶ 12. In addition, Counselor Bennett states that she has seen Plaintiff "write documents with his own hand," and that "[w]hile he writes in very large handwriting, he is nonetheless able to do so." *Id.* Finally, Counselor Bennett states that Plaintiff currently has a job in the housing unit washing tables and formerly worked as a window washer. *Id.* ¶ 11. Counselor Bennett hired Plaintiff and is his immediate supervisor. *Id.*

Counselor Bennett's declaration establishes that Plaintiff is currently provided accommodations that allow him to read and write, work, and move throughout the facility. Plaintiff's multiple filings in this case belie any claim that he is being prevented or hindered from pursuing this action because he does not have a printer in his cell or is being denied other accommodations. In addition, Plaintiff makes only generalized allegations that he was prevented from fully participating in an event, religious service, program, or educational class because of any alleged failure to accommodate his disability.

Lastly, Plaintiff's request to be placed in a single cell falls within the purview of the Department of Correction, not the Court. *See Olim v. Wakinekona*, 461 U.S. 238, 248-49 (1983) (inmates have no right to be confined in a particular state or a particular prison within a given state); *Diaz v. Donahue*, No. 22-CV-6559(CJS), 2024 WL 3422316, at *2 (W.D.N.Y. July 16, 2024) (explaining that application for injunctive relief lacked merit because decision to order plaintiff confined in single-bunk cell falls outside the purview of the court) (citing cases). The court declines Plaintiff's invitation to extend its purview into such matters.

Based on the above, Plaintiff fails to show that he is entitled to preliminary injunctive relief.

## III.   <u>CONCLUSION</u>

Plaintiff's motions for preliminary injunctive relief [Docs. No. 18, 19] are **DENIED**.

**SO ORDERED.**

Hartford, Connecticut
January 30, 2025

/s/Vernon D. Oliver
VERNON D. OLIVER
United States District Judge