UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

| | | |
|---|---|---|
| OMETRIUS PEREZ, | : | |
| | : | |
| Plaintiff, | : | |
| | : | **RULING RE:** |
| -against- | : | **MOTION TO DISMISS** |
| | : | |
| ANGEL QUIROS, *et al.*, | : | |
| | : | 24-CV-651 (VDO) |
| Defendants. | : | |

---

**VERNON D. OLIVER**, United States District Judge:

Plaintiff Ometrius Perez alleges Defendants violated his rights under the Americans with Disabilities Act ("ADA") in denying him access to certain visual aids meant to assist his severe myopia while incarcerated.

Before the Court is Defendants' Motion to Dismiss (ECF No. 39-1). Defendants move to dismiss all claims against the following Defendants: Counselor Supervisor and ADA Coordinator Michael Calderon, Warden Amonda Hannah; and Correctional Health Services Program Director Colleen Gallagher. Mot. to Dismiss at 7. Defendants also move to dismiss some allegations against Defendants ADA Coordinator Jane Walsh and Warden Kristine Barone. *Id*.

Defendants' primary argument is that Plaintiff's claims are time barred. *Id.* In deciding this motion, the Court assumes the parties' familiarity with its Initial Review Order (ECF No. 15), and it includes only the relevant facts here.

For the following reasons, Defendants' motion is **GRANTED IN PART AND DENIED IN PART**.

To start, the Court notes that although the Court's order denying Plaintiff's motion for a preliminary injunction is currently on appeal (ECF No. 48), the Court retains jurisdiction to decide Defendants' motion to dismiss.

This Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). But when a court "either grants or denies a preliminary injunction . . . the matter does not leave the district court, but proceeds there on the merits, unless otherwise ordered." *New York State Nat. Org. for Women v. Terry*, 886 F.2d 1339, 1350 (2d Cir. 1989). Plaintiff's appeal of the Court's Order on his motion for preliminary injunction (ECF No. 48) thus does not divest the Court of jurisdiction.

Plaintiff appealed other orders, too. As to those, "where the notice of appeal is filed as to an order which is not yet subject to appeal, that notice does not divest the district court of jurisdiction." *United States Sec. & Exch. Comm'n v. Ahmed*, No. 15-CV-675, 2018 WL 11294435, at *1 (D. Conn. Nov. 5, 2018). Apart from the order denying Plaintiff's motion for a preliminary injunction, the appealed orders (order on motion for hearing; order on motion for miscellaneous relief; order on motion for order (ECF No. 46)) are not final orders subject to appeal under 28 U.S.C. § 1291 or orders subject to interlocutory appeal under 28 U.S.C. § 1292. Because the Second Circuit lacks jurisdiction to consider appeals from these non-final orders, those additional appeals do not divest this Court of jurisdiction either, and the Court retains jurisdiction to consider Defendants' motion to dismiss.

With respect to the instant motion, whether the statute of limitations applies depends on the progression of Plaintiff's claims. Courts in this District have held that a three-year statute of limitations applies to claims like Plaintiff's brought under Title II of the ADA. *Duprey v. Conn. Dep't of Motor Vehicles,* 191 F.R.D. 329, 341 (D. Conn. 2000) (applying Connecticut's three-year statute of limitations to claims under Title II of the ADA "in light of the well-established precedent in this Circuit that has repeatedly upheld application of Connecticut's three-year statute of limitations to federal civil rights cases"). Federal law, however, controls when a federal action accrues. *See id.* (quoting *Morse v. University of Vermont,* 973 F.2d 122, 125 (2d Cir. 1992)). In this Circuit, the relevant accrual date is "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013) (cleaned up).

Here, Plaintiff filed his complaint on April 8, 2024. Absent tolling, then, any claim that accrued before April 8, 2021, is time-barred. Plaintiff offers several reasons why tolling should save his claims:

First, he argues that Defendants waived the statute of limitations affirmative defense because of their repeated failure to comply with the Court's orders. Although Plaintiff is correct that Defendants failed to meet Court-imposed deadlines on multiple occasions, Plaintiff's argument is not persuasive. After those missed deadlines, and a Court-issued admonishment (ECF No. 34), the Court allowed Defendants additional time to respond to Plaintiff's complaint. (ECF No. 37.) Defendants responded within that proscribed time and raised the statute of limitations affirmative defense in that responsive pleading. Therefore, Defendants did not waive the defense.

Second, Plaintiff argues that he is entitled to tolling for the time spent exhausting his claims. Relevantly, because the statute of limitations is an affirmative defense, Defendants have the burden of proving its applicability. *See Gonzalez v. Hasty*, 651 F.3d 318, 322 (2d Cir. 2011). In *Gonzalez*, the Second Circuit held that "that the applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process." *Id*. at 323-24 (internal citation and quotation marks omitted).

At this stage of the litigation, the Court accepts Plaintiff's assertions about his exhaustion efforts as true. *See Castillo v. Hogan*, No. 14-CV-1166, 2016 WL 706167, at *3 (D. Conn. Feb. 22, 2016) (accepting representations in opposition to the motion to dismiss about tolling efforts as true in deciding motion to dismiss). In his opposition to Defendants' motion to dismiss, Plaintiff says his exhaustion efforts began in earnest June 1, 2019, and proceeded until October 23, 2019, while he was incarcerated at Garner Correctional Institution. Opp'n 9–14 (ECF No. 51). Plaintiff recounts that he transferred facilities multiple times during the relevant period, fracturing his exhaustion efforts. For example, he was transferred to MacDougall Correctional Institution in January 2021, and he made efforts to exhaust his claims from January 26, 2021, through February 17, 2021, on which date he returned to Garner Correctional Institution where he began his efforts again. *Id*. at 14–16. Plaintiff submits that those efforts occurred from February 17, 2022, until March 5, 2024, during which time he was transferred briefly to Cheshire Correctional Institution before returning to MacDougall Correctional Institution. *Id*. at 16–19. Taking Plaintiff's representations as true, Plaintiff spent approximately 913 days exhausting his claims, and that time should be tolled.

Third, on March 19, 2020, in response to the COVID-19 pandemic, Governor Ned Lamont suspended Connecticut statutes of limitations between March 19, 2020, and March 1,

4

2021. *See* Executive Order No. 7G, CT.GOV (Mar. 19, 2020), CT.GOV, https://portal.ct.gov/-/media/Office-of-the-Governor/Executive-Orders/Lamont-Executive-Orders/Executive-Order-No-7G.pdf ("EO 7G"); Executive Order No. 10A, CT.GOV (Feb. 8, 2021), https://portal.ct.gov/-/media/Office-of-the-Governor/Executive-Orders/Lamont-Executive-Orders/Executive-Order-No-10A.pdf ("EO 10A"). Connecticut federal and state courts alike have held that EO 7G "served to 'interrupt' or 'pause' any statute of limitation that would have otherwise been running during the applicable period." *Taylor v. Pillai*, No. 21-CV-00623, 2022 WL 4080525, at *4, *6 (D. Conn. Sept. 6, 2022) (collecting cases and holding that EO 7G suspended the relevant statute of limitation). Therefore, Governor Lamont's Executive Order tolled the statute of limitations for 347 days, albeit potentially overlapping some with the aforementioned tolled period.

In conclusion, although the three-year period of limitations may have ordinarily barred these claims based on the date of the Complaint's filing date of April 8, 2024, Plaintiff's representations and application of Executive Order 7G suggest the statute of limitation was tolled for at most 1,260 days during the relevant period. With this, even if Plaintiff should have brought his claim on June 1, 2019—the first date on which the alleged conduct first occurred—Defendants have not met their burden of proving that Plaintiff was outside the three-year statute of limitation period when he filed his Complaint on April 8, 2024.

Therefore, the Court will deny Defendants' motion on the grounds that the claims are time barred. With this conclusion, the Court need not address Plaintiff's arguments about the continuing violation theory or alternative theories of equitable tolling. Defendants are not precluded from raising their statute of limitation defense again after further development of the record.

Separately, Defendants argue briefly that Plaintiff's claims regarding Defendant Commissioner Angel Quiros fail to state a claim on which relief can be granted because Plaintiff offers no allegations about Defendant Quiros's conduct that impacted his ADA rights. Read most liberally, Plaintiff could be understood to plead that the alleged ADA violations are due at least in part to policies within Defendant Quiros's control, *see* Compl. ¶¶ 4, 13, 21, 111, ECF No. 1, but still, he pleads no facts about Defendant Quiros's involvement in the violations. These allegations cannot sustain a claim against Defendant Quiros, and all claims against him are therefore dismissed.

In sum, Defendants' motion to dismiss is denied to the extent it seeks dismissal based on the statute of limitations, but it is granted to the extent it seeks dismissal of claims against Defendant Quiros.

**SO ORDERED.**

Hartford, Connecticut
June 17, 2025

/s/Vernon D. Oliver
VERNON D. OLIVER
United States District Judge